**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2967
_____

TIMOTHY DAVID PARR; JOHN MICHAELS 'SIX TRAILERS' PROPERTY
OWNERS

v.

FRANK COLANTONIO, ELECTED CONSTABLE FOR THE WILLOW
GROVE PA. MAGISTERIAL "DISTRICT COURT"; ERNIE M. GUSTAFSON;
GAIL E. GUSTAFSON, AD HOC CONSTABLE'S DEPUTIES

Timothy David Parr,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01930)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 25, 2020
Before: KRAUSE, MATEY, and ROTH, Circuit Judges

(Opinion filed: February 3, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Timothy David Parr appeals from the District Court's dismissal of his civil rights complaint, as well as the subsequent denial of reconsideration. For the reasons that follow, we will affirm the District Court's judgment with one modification.

Gail Gustafson owns a commercial lot in Hatboro, Pennsylvania.[1] Gustafson leases access to and use of the lot to various tenants, including Parr, who maintained six storage trailers there with his business partner, John Michaels. In 2018, Gustafson filed a landlord-tenant action in Montgomery County Magisterial District Court seeking back rent and eviction of Parr from her property. Judgment was entered for Gustafson, and Parr appealed to the Montgomery County Court of Common Pleas.

In May 2019, Parr and Michaels filed a pro se civil action in the District Court against Constable Frank Colantonio and the Gustafsons. The complaint alleged civil rights violations under 42 U.S.C. § 1983 resulting from Colantonio's actions in effectuating the Montgomery County court's Order for Possession. The complaint also alleged that Colantonio had illegally blocked Parr's and Michaels' access to their trailers. They claimed that the actions of Colantonio and the Gustafsons amounted to the unlawful conversion of their property under color of state law. The District Court dismissed Michaels' claims without prejudice for failure to prosecute and dismissed Parr's claims

---

[1] Gustafson's husband and former co-owner of the lot, Ernie Gustafson, is now deceased.

2

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Parr and Michaels filed a timely motion for reconsideration, which the District Court denied. Parr timely appealed.[2]

We have jurisdiction under 28 U.S.C. § 1291. Our review encompasses the order rejecting Parr's complaint, as well as the order denying the motion for reconsideration. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007) (noting that, generally, a timely appeal from the denial of a timely motion for reconsideration brings up the underlying judgment for review). We exercise plenary review over the District Court's sua sponte dismissal of Parr's complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we review for abuse of discretion the denial of a motion for reconsideration that seeks leave to file an amended complaint, Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 368 (3d Cir. 2013). We may affirm on any ground supported by the record. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

We conclude that the District Court's dismissal of Parr's complaint was proper. First, Parr failed to state a colorable constitutional claim against the Gustafsons. To establish a claim under § 1983, a plaintiff must show that he was deprived of a federal right by a state actor. Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). As the District Court addressed, neither of the Gustafsons is a state actor for § 1983 purposes. See Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (explaining that private actors are

---

[2] Michaels did not file a notice of appeal. Accordingly, we lack jurisdiction to review his claims. See Fed. R. App. P. 3(c).

3

state actors under § 1983 only where there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself") (citations and quotation marks omitted); see also Mem., ECF No. 8 at 4–5 (determining that utilizing state procedures for eviction, calling the police, or attempting to perform a citizen's arrest do not render a private individual a state actor). Parr's conclusory assertion that the Gustafsons were "ad hoc deputies" of Colantonio, Parr Br. at 19, is not enough to state a constitutional claim against them, see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (holding that conclusory allegations that the defendants acted unlawfully were insufficient to state a claim).

The District Court dismissed Parr's claims against Colantonio without prejudice based on abstention principles from Younger v. Harris, 401 U.S. 37 (1971). The Court concluded that abstention was appropriate because "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims." Mem., ECF No. 8 at 6. These factors were first set forth in Middlesex Cnty. Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 432 (1982).

However, in Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), the Supreme Court "narrowed Younger's domain." Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 462 (3d Cir. 2019). "The Court explained—and we have stressed several times since—that the 'three Middlesex conditions' are no longer the test for Younger abstention." Id. (quoting Sprint, 571 U.S. at 81). Rather, before looking to the

4

Middlesex factors, courts must first analyze whether the parallel state action falls within one of "three exceptional categories": (1) criminal prosecutions, (2) "certain civil enforcement proceedings," and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint, 571 U.S. at 78 (quotation marks, alteration omitted). Here, the parallel state proceeding—an ordinary eviction action in the Court of Common Pleas—does not fit into any of the three categories identified in Sprint.[3] Therefore, abstention was not proper.

Nonetheless, the District Court's dismissal of Parr's claims against Colantonio was appropriate. Colantonio argues, and we agree, that Parr failed to state a viable claim against him. Procedural due process guarantees that the state will not deprive an individual of a protected interest in property without due process of law, Parratt v. Taylor, 451 U.S. 527, 537 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986), but the Supreme Court has held that meaningful post-deprivation

---

[3] Colantonio argues that the state action falls under the third category: "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." We disagree. Examples of cases that fall under the third category include those involving a state court's civil contempt order, a state court's requirement about posting bond pending appeal, and a state court's process to determine when recusal of a judge or justice is appropriate. See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989) (collecting cases); Aaron v. O'Connor, 914 F.3d 1010, 1017 (6th Cir. 2019) (recusal process). Unlike these orders, a possession order arising from a commonplace eviction action does not "lie[] at the core of the administration of a State's judicial system." Juidice v. Vail, 430 U.S. 327, 335 (1977); see also Logan v. U.S. Bank Nat. Ass'n, 722 F.3d 1163, 1167 (9th Cir. 2013) (explaining that the third category of cases under Sprint "is not an invitation to abstain simply because a suit implicates a state law, even one involving a traditional state concern," and that "the Supreme Court has [not] held Younger to apply generally to ordinary civil litigation") (citation omitted).

remedies provide sufficient due process for negligent deprivations of property, Parratt, 451 U.S. at 543, and intentional deprivations of property, Hudson v. Palmer, 468 U.S. 517, 533 (1984). The state courts' appellate procedure is a meaningful post-deprivation remedy. See, e.g., Rogin v. Bensalem Twp., 616 F.2d 680, 695 (3d Cir. 1980) (holding that a Pennsylvania zoning procedure was constitutionally adequate in part because it allowed appeals to the Court of Common Pleas).

Here, Parr argues that Colantonio failed to serve him with the Order of Possession and fabricated the return service filed with the Montgomery County court. However, even if that were true, Parr had a meaningful post-deprivation remedy available to him in the state courts' appellate procedure, which Parr has utilized in appealing the Montgomery County court's Order of Possession to the Court of Common Pleas. Thus, it cannot be said that Parr was denied due process.[4]

Finally, the District Court did not abuse its discretion in denying Parr and Michaels' reconsideration motion because it failed to raise a proper ground to alter or amend the judgment. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

---

[4] To the extent that Parr argues that Colantonio committed an unconstitutional taking when he blocked access to Parr's and Michaels' trailers, he failed to state a claim because he did not allege, among other things, that Colantonio took the trailers for public use. See Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 543 (2005) ("The [Takings] Clause expressly requires compensation where government takes private property for public use.") (quotation marks omitted).

For the reasons given, Parr has shown no error in the District Court's dismissal of his complaint. However, because the defects in Parr's claims against Colantonio are not salvageable with amendment, they should have been dismissed with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we modify the District Court's order to dismiss those claims with prejudice. We will affirm the District Court's order as modified. Colantonio's motion for leave to file a supplemental appendix, which includes, among other things, public records and documents from the District Court's record, is granted. To the extent that the motion can also be construed as a motion to expand the record pursuant to Federal Rule of Appellate Procedure 10(e), it is denied as unnecessary.